### SHARP v. GAMAGE.

(Court of Appeals of District of Columbia.   Submitted January 12, 1921.
Decided February 7, 1921.)

No. 1375.

Patents ⊚⟶106(2)—Senior application held not to disclose four counts of
issue.
    The application of the senior party for a patent for dust guards for
    axle boxes, which showed the lower edge of the guard square, *held* not
    to meet the issues of four counts calling for the lower edge with semi-
    circular outline, so that priority as to those counts was properly award-
    ed to the junior applicant.

Appeal from the Commissioner of Patents.

Interference proceeding between John H. Sharp and Harry C. Gam-
age.   From a decision of the Commissioner of Patents awarding four
of the counts to Gamage, Sharp appeals.   Affirmed.

Joseph H. Milans, of Washington, D. C., for appellant.

Lewis J. Doolittle, of New York City, for appellee.

VAN ORSDEL, Associate Justice.   This is an interference proceed-
ing involving an invention relating to dust guards for car axle boxes.
The applications of both parties disclose a resilient sheet metal plate
having its upper edge straight and the lower edge rounded.   Sharp
also showed a guard having the lower corners clipped instead of round-
ed.   The car axle extends through an opening in the center of the
plate surrounded by a circumferential flange with flanges at the upper
and lower edges reversely curved.

The issue was originally in eight counts.   The Examiner of Inter-
ferences awarded priority as to all the counts to Sharp.   The Board of
Examiners in Chief awarded counts 1, 2, 3 and 8 to Sharp, but held
that Sharp could not make the remaining counts, which were awarded
to Gamage, and Sharp alone appealed; hence the issue was narrowed
to counts 4, 5, 6 and 7.   The Commissioner affirmed the board, award-
ing priority on these counts to Gamage.   From this, Sharp appeals.

All the tribunals below found that Sharp, the senior party, was the
first to conceive and reduce to practice.   With this holding we agree.
From a careful study of Sharp's specification and drawings, we are
also in accord with the Examiners in Chief and the Commissioner in
holding that Sharp is not entitled to make the present claims.   The
claims, as set forth in count 4, call for—

"a dust guard for car axle boxes consisting of a single resilient plate provided
with an opening for the car axle and having integral flanges at its upper
and lower edges, the flange at its upper edge being straight and its lower
edge being of semi-circular outline and bent away from the body of the plate
to constitute a flange extending around said semicircular lower edge."

Sharp's application drawings fail to disclose a lower flange extend-
ing around the semicircular lower edge.   It shows the lower edge
square, with the corners cut off in circular form, leaving the flange ex-

tending straight across the bottom between the points where the corners are clipped off. This disclosure does not meet the issue, since the evident purpose is to have the dust guard so shaped that it will fit into and conform to the semicircular bottom of the journal box.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the place of Mr. Justice ROBB.